UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN WATSON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>USP LOMPOC, et al.,<br><br>　　　　　Defendants. | CASE NO. CV 11-1791 DDP (RZ)<br><br>MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF |

The Court DENIES Plaintiff's March 1, 2011 motion seeking emergency preliminary injunctive relief for the following reasons.

The *in forma pauperis* and *pro se* plaintiff, Marvin Watson, is a federal inmate housed at Lompoc. He alleges that he has been targeted for violent attack by a prison gang for an unpaid drug debt. Although prison officials initially responded to his report about this danger by protectively relocating him within Lompoc to the prison's high-security Special Housing Unit (SHU) in September 2010, their investigation revealed – incorrectly, in Plaintiff's vehement opinion – that it would be safe for him to return from SHU to the general-population area of the prison. (Plaintiff thus far has refused to cooperate with efforts to evict him from SHU, resulting in administrative punishments.) Fearing attacks by vengeful prison gangsters if he is moved out of SHU, Plaintiff seeks preliminary injunctive relief barring the prison from relocating him.

The Supreme Court has clarified the test for issuance of a preliminary injunction, as follows:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, ___, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008); *see generally* FED. R. CIV. P. 65. *Winter* underscored the importance of finding a *likelihood* of irreparable harm to the plaintiff absent the injunction, not the mere *possibility* of such harm, as the Ninth Circuit had suggested might sometimes suffice. *See id.*, 129 S. Ct. at 375-76; *American Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (expressly acknowledging *Winter*'s overruling of Ninth Circuit authority permitting issuance of injunction in some cases in which plaintiff presented less than a "likelihood" of irreparable harm).

Plaintiff cannot tip the *Winter* scales to his benefit. First, he fails to show a likelihood of success on the merits. He alleges that Defendants do not share his appreciation of the grave danger that *he* believes he is facing and, thus, do not believe he needs to remain in SHU. But it is impossible, on this record, to assess whether he is likely to prevail on that claim. Although Plaintiff's allegations suggest that some prison officials may be somewhat lackadaisical or sloppy in their investigation about the drug debt, Plaintiff does not allege facts indicating that Defendants are deliberately indifferent, *i.e.*, that they *agree with* Plaintiff's view that he is in serious danger of being attacked but are cruelly choosing to expose him to general-population dangers nonetheless.

Second, Plaintiff has failed to show a *likelihood* of irreparable harm absent a preliminary injunction. Certainly a violent attack by another inmate could cause such

1 harm, but there are no facts set forth from which the Court could conclude that irreparable
2 harm is "likely." Without in any way diminishing Plaintiff's strong concern, on the present
3 record, Plaintiff has made an insufficient showing of irreparable harm to justify a
4 preliminary injunction.

5 Third, the Court cannot assess whether the balance of equities tips in
6 Plaintiff's favor, for reasons similar to those noted in the first *Winter* test.

7 Fourth and finally, the Court cannot assess whether the final, public-interest
8 prong of *Winter* favors Plaintiff's motion. It is possible that this final element is to be
9 given weight only in cases, such as *Winter* itself, in which one or both sides claim that "the
10 public interest" favors issuance or non-issuance of an injunction. *See California
11 Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 849 (9th Cir. 2009) (appearing to limit
12 applicability of "public interest" prong of *Winter* to those cases "in which the public
13 interest is involved"). In any event, the Court has not weighed this factor against Plaintiff's
14 motion. The motion still falls short.

15 For the foregoing reasons, Plaintiff's motion is DENIED.
16 IT IS SO ORDERED.

18 DATED: March 17, 2010

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE